Michael R. Mushkin (Nevada State Bar #: 2421)
Michael R. Mushkin & Associates, P.C.
4475 South Pecos Road
Las Vegas, NV 89121
PH: (702) 386-3999
FX: (702) 454-3333
Email: michael@mushlaw.com

*Attorney for Plaintiff*
*KPI Bridge Oil, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KPI BRIDGE OIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON TRUST COMPANY; TERAS CARGO TRANSPORT (AMERICA) LLC; TERAS BREAKBULK OCEAN NAVIGATION ENTERPRISES LLC; TRUENORTH TRANSPORT LLC, <br><br> Defendants. | IN ADMIRALTY <br><br> CASE NO.: <br><br> **EX PARTE MOTION FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND FOR EXPEDITED CONSIDERATION** |

COMES NOW Plaintiff, KPI BRIDGE OIL, INC., and files its *Ex Parte* Motion for Issuance of Process of Maritime Attachment and Garnishment and for Expedited Consideration of this motion pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully states as follows:

1.      Supplemental Admiralty Rules B and E permit a Court to issue an order of maritime attachment if the plaintiff satisfies the filing and service requirements of Rules B and E, and can show that: "(1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment"

Chalos & Co Ref: 2422.005

1. *Equatorial Marine Fuel Management Services Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); Fed. R. Civ. P., Supp. R. B).

2. Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Admiralty Rules setting forth Plaintiff's claim for damages in the amount of USD 210,918.26, together with interest, costs and attorney fees. The allegations of Plaintiff's Verified Complaint are incorporated herein by reference.

3. Defendants WILMINGTON TRUST COMPANY, TERAS CARGO TRANSPORT (AMERICA) LLC, TRUENORTH TRANSPORT LLC, and TERAS BREAKBULK OCEAN NAVIGATION ENTERPRISES LLC (collectively "Defendants") cannot be found within the District of Nevada for the purposes of Rule B of the Admiralty Rules.  This is demonstrated by Plaintiff's Verified Complaint and the Declaration of Attorney Briton P. Sparkman (Exhibit 9 to the Verified Complaint), filed pursuant to Rule B of the Admiralty Rules  and which states, in pertinent part, that Plaintiff is informed and believes: that Defendants cannot be found within the District of Nevada; that to Plaintiff's knowledge, none of the officers of Defendants are now within the District of Nevada; that Defendants do not maintain offices or telephone listings in the District of Nevada; that Defendants are not incorporated or registered to do business in the State of Nevada; and, that Defendants do not have registered agents for the receipt of service of process in the State of Nevada.

4. Plaintiff is informed and believes Defendants do now, or will during the pendency of this action, have tangible and intangible personal property within the District of Nevada, and more specifically funds deposited by Defendants in bank account(s) to pay operation costs during the period in which Argent Marine Management, Inc. is the operator of the vessel, belonging to Defendants or nominees thereof, and said funds are now or will be during the pendency of this action in the District and under the jurisdiction of this Court, and the funds are property amenable to attachment and garnishment pursuant to Admiralty Rule B.

Chalos & Co Ref: 2422.005

5. Moreover, Plaintiff is informed and believes Argent Marine Management, Inc., manages and holds any bank accounts and associated funds on behalf of the Defendants and it is likely that the said company has in its possession and/or control tangible or intangible property of Defendants.

6. Furthermore, there is no statutory or maritime bar to the attachment application.

7. The instant Rule B maritime attachment action was commenced in order secure the appearance of the Defendants and to obtain security in the amount of **USD 283,678.37** (*see* Verified Complaint ¶ 42).  *See* Verified Complaint, ¶¶ 8-35, 41-42; *see also Swift & Co. Packers v. Compania Colombiana del Caribe, S.A.*, 339 U.S. 684, 693, 70 S. Ct. 861, 94 L. Ed. 1206 (1950)).

8. Additionally, Plaintiff respectfully moves this Court for expedited consideration of this Motion.  As set forth in Plaintiffs Verified Complaint (Doc. 1), Plaintiff seeks to attach tangible and intangible property of the Defendants, including credits, debts, accounts, payments, etc. presently held by garnishees. These items are easily transitory.  Due to the specific nature of this Rule B attachment, without a prompt issuance of Plaintiff's Process of Maritime Attachment and Garnishment, the property Plaintiff seeks to attach could, and likely will, be removed from the jurisdiction before the Court considers and acts on Plaintiff's application. The Federal Courts have an interest in preserving the efficacy of maritime attachment orders, because without it, "defendants, their ships, and their funds easily could evade the enforcement of substantive rights of admiralty law." *See Yayasan Sabah Dua Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd.*, 335 F. Supp. 2d 441, 445 (S.D.N.Y. 2004). Accordingly, any delay may very well deprive Plaintiff of the element surprise, allowing Defendants to transfer their property out of the district and beyond the reach of this Court.

3

Chalos & Co Ref: 2422.005

**WHEREFORE**, Plaintiff, KPI BRIDGE OIL, INC. respectfully requests that this Court expedite consideration of Plaintiff's Motion for the Issuance of Process of Maritime Attachment and Garnishment and enter an Order authorizing the issuance of Process of Maritime Attachment and Garnishment directing the United States Marshal for District of Nevada to attach any funds related to the vessel the M/V NORFOLK, IMO 9418975 and to garnish any tangible or intangible personal property in the possession, custody, or control of garnishees, specifically, Argent Marine Management, Inc., 2889 Adler Avenue, Suite 300, Incline Village, Nevada 89451, belonging to Defendants, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Respectfully submitted,

Dated: December 12, 2016
Las Vegas, NV

Michael R. Mushkin & Associates, P.C.

By: /s/ Michael R. Mushkin
Nevada State Bar number: 2421
4475 South Pecos Road
Las Vegas, NV 89121
PH: (702) 386-3999
FX: (702) 454-3333
Email: michael@mushlaw.com

*Attorney for Plaintiff*
*KPI Bridge Oil, Inc.*

OF COUNSEL
Briton P. Sparkman
(Pro hac vice application forthcoming)
CHALOS & CO, P.C.
7210 Tickner Street
Houston, TX 77055
PH: (713) 574-9582
FX: (866) 702-4577

*Attorneys for Plaintiff*
*KPI Bridge Oil, Inc.*

Dated: January 12, 2017

IT IS SO ORDERED.

_____
U.S. District Judge

4

Chalos & Co Ref: 2422.005